UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


WILLIE DOSS, # K9816                                                    PETITIONER


V.                                              CIVIL ACTION NO.1:04CV196-WAP-JAD


DONALD A. CABANA, et al                                              RESPONDENTS


<u>REPORT AND RECOMMENDATION</u>

The undersigned has reviewed the record in this matter, including the petition, answer, traverse and the state court record.  The undersigned for the reasons below set forth recommends that the petition be dismissed with prejudice.

Willie Doss shot and killed his wife during the course of an argument around 4:00 a.m. on August 13, 2000.  At trial the State's theory was that Doss had murdered his wife, firing three shots. Doss' theory of defense was that it was an accidental shooting, or at worse manslaughter and that only two shots were fired.  At the scene Doss told the sheriff's deputy that he had just shot her but did not know what had happened.[1]  Doss gave two formal statements.  Doss claimed he and his wife were arguing after she accused him of being with another woman.  During a shoving match, Doss

---

[1]"I asked Willie what happened and he stated that he just shot her and he didn't know what happened; that he just shot her."  Testimony of Deputy Sheriff James Lindsey p. 53.

claimed the gun, which he just coincidentally had in is hand, accidentally discharged.[2]  In his second statement Doss claimed to have shot next to his wife, not trying to hit her.  He then walked to the other side of the bed and turned and shot his wife while she continued to fuss at him, but claimed he did not mean to hit her.[3]  There was no mention of any tussling in the second statement[4].

Dr. Steven Hayne performed the autopsy.   He testified that Lena Doss died of a gunshot wound to the head from a bullet that first hit her left hand, held in an apparently defensive posture.  Hayne testified that the injuries were consistent with a shot 18 to 24 inches from the victim's hand.  One bullet casing, one bullet and three bullet holes, one penetrating the outside trailer wall,  were found at the scene.  A bullet was retrieved from the victim's body.  Doss testified at trial that he didn't know how it happened but that it was "nothing I was trying to do though."[5]  The gun had a safety on it which had to be disengaged before it would fire.  The jury convicted him of murder and the judge sentenced him to life in prison.

On direct appeal his lawyer urged the Mississippi Court of Appeals to reverse the verdict on the grounds that the trial court erred in not granting the motion for judgment notwithstanding the

---

[2]"Lena started accusing me of fooling around....We started arguing.  The next thing we were pushing and shoving.  I had my gun, a .380 Greco, in my front pocket.  I was going to put it in the dresser drawer.   We were scuffling.  I had the gun in my hand during this time and the gun went off one time and we fell on the bed."

[3]"Lena started fussing at him about staying out.  They were arguing on the left side of the bed and he was standing kind of on the side of her.  Willie shot next to her not trying to hit her.  After this, Willie walked to the other side of the bed next to the dresser.  Willie state that Lena was still fussing at him saying he was with another woman.  Willie stated that he turned around in a fast motion shot the second time not trying to hit her but did."

[4]Testimony of Deputy Sheriff James Lindsey. p. 101.

[5] Trial transcript p. 217.

verdict or alternatively for a new trial. The Mississippi Court of Appeals upheld the verdict. Doss'

petition for leave to file a post conviction petition was rejected by the Mississippi Supreme Court.

The court's order simply noted that "the application fails to make a substantial showing of the denial

of a state or federal right as required by Miss. Code Ann. § 99-39-27."

Doss' petition to this court challenges the failure of the state court's to set aside the verdict.

He also alleges ineffective assistance of trial and appellate counsel. Because the state court has ruled

on direct appeal or on post-conviction pleadings on the merits of each claim, this court's review is

limited. 28 U.S.C. § 2254(d) provides:

> (D) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

Since any factual findings of the state appellate courts are presumed correct, the burden is upon the

petitioner to prove by clear and convincing evidence any factual errors. 28 U.S.C. §2254(e)(1).

SUFFICIENCY OF THE EVIDENCE

Doss challenges the sufficiency of the evidence to support the murder conviction. When

faced with an insufficiency of evidence claim, a federal court on habeas review must remember both

its limitation, *i.e.*, it may not "make its own subjective determination of guilt or innocence," *Jackson*

*v. Virginia*, 443 U.S. 307, 320 n.13, 99 S. Ct. 2781, 2789 n. 13, 61 L.Ed. 2d 560 (1979), and in its

function: "the relevant question is whether, after viewing the evidence in the light most favorable

to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 319, 99 S. Ct at 2789. (citations omitted). The court is not at liberty to substitute its conclusions for those of the jury. Applying that standard, the court finds the record contains not just sufficient but ample evidence from which a rational trier of fact could have found Doss guilty of murder beyond a reasonable doubt. Therefore, this claim should be denied as without merit.

## EVIDENTIARY ERRORS AND JURY INSTRUCTIONS

Doss has also dressed up complaints about jury instructions and the admission of certain testimony as a claim for inadequate assistance of counsel. He complains of the admission of testimony from two witnesses reporting earlier episodes of domestic violence and an overheard threat by the defendant to kill his victim some day. Treated as a mere state evidentiary matter, this claim presents no constitutional issue on its face. *Gilmore v. Taylor*, 508 U.S. 333, 113 S. Ct. 2112, 124 L.Ed.2d 306 (1993) (O'Connor, J. concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). *Id* at 348-9, 113 S. Ct at 2121. Habeas corpus jurisdiction is invoked with such a claim solely on due process grounds, if at all. "[E]rrors of state law, including evidentiary errors, are not cognizable in habeas corpus as such." *Derden v. McNeel,* 978 F.2d 1453, 1458 (5th Cir. 1992)(citing *Estelle v McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480, 116 L.Ed.2d 166 (1991). "Errors of state law rise to constitutional dimension only if they so infused the trial with unfairness as to deny due process of law." *Derden,* 978 F.2d at 1458 (citing *Lisenba v. California*, 314 U.S. 219, 228, 62 S. Ct. 280, 286, 86 L. Ed. 166

(1941).[6]  The admission of this testimony was allowable within the discretion of the trial court under Mississippi evidentiary rules.  A review of the record reveals that Doss received a fair trial that was without substantial error.

As a general rule, jury instructions do not form a basis for habeas corpus relief.  *Williams v. Lockhart*, 736 F.2d 1264, 1267 (5th Cir. 1984); *Tarpley v. Estelle*, 703 F.2d 157, 159 (5th Cir. 1983) *citing Cupp v. Naughten*, 414 U.S. 141, 147, 94 S. Ct. 396, 400, 38 L.Ed.2d 368, 373 (1973).  Habeas corpus relief is available when a petitioner establishes that improper instructions caused a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.  *Williams*, 736 F.2d at 1267(quoting *Brouillett v Wood*, 636 F. 2d 215, 218( 8th Cir. 1980).  The jury instructions read as a whole provided appropriate instructions to the jury including instructions on Doss' claimed defenses.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Doss contends that his attorney both at trial and on direct appeal offered ineffective assistance of counsel.  To establish ineffective assistance of counsel, Doss must show, " (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense."  *Pitts v. Anderson*, 122 F.3d 275 (5th Cir. 1997); *see Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed.2d 674 (1984).  The deficiency determination is not unguided.  "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the

---

[6]The alleged evidentiary errors do not involve the exclusionary rule; thus the Stone bar is inapplicable.  Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067(1976) (no federal habeas corpus relief on search and seizure grounds where the petitioner was afforded a full and fair hearing on the issue in state court).

circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689,104 S. Ct. at 2065. The court is not to analyze counsel's actions in hindsight, but rather to judge his or her decisions in a "highly deferential" manner. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994); quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. If counsel's performance is deemed to have been deficient, "then [the court] must determine whether there exists a reasonable probability that but for the complained-of error the outcome of the trial or appeal would have been different." *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

TRIAL COUNSEL

Doss complains about the admission of the testimony of his brother-in-law about violence in the marriage and an overheard threat by Doss to kill his wife someday. The trial court ruled the testimony admissible under Rule 404(b) Mississippi Rules of Evidence. A neighbor testified both to noises she concluded came from a fight and physical signs of abuse on the victim prior to her death. The record shows that his attorney objected to some of this testimony, with mixed success. He also vigorously cross examined the brother-in-law about the alleged threat and obtained a concession from the neighbor that she did not know that a 'rumbling' she heard was a fight between the parties. He put the defendant's children on the stand to rebut the allegations of abuse and threats. The defendant testified denying any prior abuse or threats. Counsel's conduct of the trial appears to be well within the bounds of acceptable professional assistance.

Doss complains about the failure to object to two of the state's instructions(one a 'form of the verdict' instruction) and the submission of two instructions by his lawyer. Reading the instructions as a whole, they fairly placed both the state's and defense's theories before the jury. The jury was instructed on Doss' claim that the killing was an accident or manslaughter.

Doss complains about the failure of counsel to seek a *Weathersby* jury instruction. In *Weathersby v. State*, 165 Miss. 207, 147 So. 481(Miss. 1933) the Mississippi Supreme Court recognized that when the defendant's account of a slaying is uncontradicted, reasonable and credible, it must be believed. The *Weathersby* rule "is not a jury instruction but a guide for the circuit judge in determining whether a defendant is entitled to a directed verdict." *Blanks v State,* 547 So. 2d 29, 34(Miss. 1989). Counsel cannot be faulted for not requesting an improper jury instruction. Though not urged by Doss, counsel's failure to argue *Weathersby* is not error, either, since Doss, the only eyewitness, contradicted himself in his various accounts, and Doss' accounts were contradicted by the physical evidence.

Since the record does not show any deficiency in the manner in which counsel handled the trial, there is no need to discuss the 'prejudice' prong in detail. To prove prejudice Doss must show that the trial was fundamentally unfair and demonstrate a probability that but for counsel errors the results of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068. With compelling evidence, including Doss' incriminating and contradictory statements, the record reflects a fair, if not flawless trial, and no prejudice to Doss.

APPELLATE COUNSEL

With regard to his attorney's performance on appeal, Doss rehashes his complaints about his the "bad conduct" testimony and the jury instructions, as well as the failure to raise "any arguable issues on appeal." Counsel is not ineffective merely because of a failure to raise issues requested by the defendant or for failure to raise every possible point on appeal. The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the appeal

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the appeal. <u>Sharp v. Puckett</u>, 930 F.2d 450, 453 (5th Cir. 1991). Doss' counsel did appeal on the grounds that the verdict was against the overwhelming weight of the evidence and legally insufficient. The record does not indicate any reversible error either as to the jury instructions or as to the admission of the 'hearsay' testimony concerning Doss' alleged earlier bad conduct. Therefore counsel's conduct cannot be found deficient and without reversible error showing on the record, Doss cannot prove prejudice.

CONCLUSION

Having had all issues raised in this petition for habeas corpus considered by the appellate courts of the State of Mississippi, either on direct appeal or on collateral review, and rejected on the merits, Doss would only be entitled to relief based either an upon an unreasonable interpretation of federal law or an unreasonable determination of facts. The record demonstrates that state court finding of 'no merit' is reasonable in its interpretation of federal law and its determination of facts. The grounds given for relief are without merit. The undersigned therefore recommends that the petition be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

Submitted this the 12th day of August, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE